UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

RICHARD BRIAN AKERS, individually,

    Plaintiff,

v.

PIONEER CREDIT RECOVERY, INC.,     **JURY DEMAND**
a foreign corporation,

    Defendant.
_____/

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1. Plaintiff RICHARD BRIAN AKERS alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") against Defendant PIONEER CREDIT RECOVERY, INC. Plaintiff alleges that Defendant PIONEER CREDIT RECOVERY, INC. incessantly and unlawfully called Plaintiff's cellular telephone using an automatic telephone dialing system (i.e. "auto-dialer") and a pre-recorded or artificial voice.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 as this is a civil action arising under the laws of the United States.

3. This Court has personal jurisdiction over the Defendant because the telephone calls forming the basis of this action were placed by the Defendant into this District, and because Defendant conducts business in this District by regularly placing telephone calls, sending mail, and transacting with alleged debtors in this District.

4. Venue in this District is proper because the Plaintiff resides here and received telephone calls from Defendant within this District.

## PARTIES

5. Plaintiff RICHARD BRIAN AKERS is a natural person and a citizen of the State of Florida, residing in Broward County, Florida. Said Plaintiff is the user of the cellular telephone that Defendant was calling.

6. Defendant PIONEER CREDIT RECOVERY, INC. ("Pioneer Credit") is a Delaware corporation and a debt collector that uses, among other things, an automated telephone dialing system to engage in the collection of alleged debts.

7. Pioneer Credit operates from offices located at 26 Edward Street, Arcade, NY 14009, and is a citizen of both the State of Delaware and the State of New York.

## FACTUAL ALLEGATIONS

8. Prior to the institution of this action, the Plaintiff began receiving automated telephone calls from Defendant Pioneer Credit.

9. Upon answering any of these calls, the Plaintiff was met with either a long period of "dead air" while the Defendant's telephone system attempted to connect him to a live agent, or an automated, machine-operated voice that immediately began by saying "if this is NINOSKA VEGA, please press one."

10. Plaintiff has never done business with Pioneer Credit, and does not know anybody by the name of Ninoska Vega.

11. Defendant's method of contacting Plaintiff is indicative of its ability to dial numbers without any human intervention in the calling process, which the FCC has opined is the hallmark of an automatic telephone dialing system. See In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 2008, 23 F.C.C.R.

559, 565-66 (2008); In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991, 18 F.C.C.R. 14014, 14091-92 (2003).

12. In sum, Defendant made telephone calls to Plaintiff's cellular telephone, each of which was made using an automatic telephone dialing system or an artificial or pre-recorded voice.

13. Defendant made the aforementioned telephone calls knowing that they were using an automatic telephone dialing system or an artificial or prerecorded voice to call a cellular telephone, and further knew that such calls were in violation of the TCPA, and consequently, these violations were willful and knowing.

## COUNT I
## VIOLATIONS OF TELEPHONE CONSUMER PROTECTION ACT

14. Plaintiff incorporates paragraphs 1 through 13 herein.

15. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) of the Telephone Consumer Protection Act by making telephone calls to Plaintiff's cellular telephone, which were initiated by an automatic telephone dialing system or made using an artificial or prerecorded voice, and not legally permissible under any provision to the aforementioned statute.

WHEREFORE, Plaintiff RICHARD BRIAN AKERS, requests that the Court enter judgment in favor of Plaintiff and against Defendant PIONEER CREDIT RECOVERY, INC. for:

   a. $500 dollars in statutory damages for each violation of the TCPA over the last four years;

   b. $1,500 dollars in statutory damages for each knowing or willful violation of the TCPA over the last four years;

    c.      a permanent injunction prohibiting Defendant from placing non-emergency calls to Plaintiff's cellular telephone using either an automatic telephone dialing system or an artificial or prerecorded voice;

    e.      litigation expenses and costs of the instant suit; and

    f.      such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated this 7th day of February, 2014.

                    BRET L. LUSSKIN, Esq.
                    *Attorney for Plaintiff*
                    20803 Biscayne Blvd., Ste 302
                    Aventura, Florida 33180
                    Telephone: (954) 454-5841
                    Facsimile: (954) 454-5844
                    blusskin@lusskinlaw.com

            By: /s/ Bret L. Lusskin, Esq.
                  Bret L. Lusskin, Esq.
                  Florida Bar No. 28069